UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| George Bivins, ) | Civil Action No. 6:20-1065-BHH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner George Bivins ("Petitioner"), a federal prisoner proceeding *pro se*, filed this habeas relief action pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was assigned to a United States Magistrate Judge for initial review.

On May 28, 2020, Respondent Warden, FCI Edgefield ("Respondent"), filed a motion for summary judgment. (ECF No. 11.) Petitioner, after receiving an extension, filed a response in opposition on June 29, 2020. (ECF No. 20.) The Magistrate Judge considered the parties' submissions and the record in this case and recommended that Respondent's motion for summary judgment be granted and that the petition be dismissed. (ECF No. 22.)

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to

which specific objections have been raised. *Id.* However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("[D]e novo review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Here, Petitioner filed no objections and the time period for doing so has expired. (*See* ECF No. 22.)

After a careful review of the record, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error. Accordingly, the Court adopts and incorporates the Report and Recommendation (ECF No. 22) by reference into this Order. It is therefore ORDERED that Respondent's motion for summary judgment (ECF No. 11) is granted and this action is DISMISSED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

December 16, 2020
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.